# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**ANDREA ABRAHAM, et al.,**

    **Plaintiffs,**

**v.**                                                        **Case No. 8:09-cv-107-T-30EAJ**

**SANDY COVE 3 ASSOCIATION, et al.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Sandy Cove 3 Association's Motion to Dismiss Plaintiffs' Amended Complaint and Alternative Motion to Strike (Dkt. 38), Plaintiffs' Response thereto (Dkt. 40), and Plaintiff's Motion to Amend/Correct the Complaint (Dkt. 39). The Court, having considered the motions, response, memoranda, and being otherwise advised on the premises finds that the motion to dismiss should be granted and the motion to amend should be denied.

### **Motion to Dismiss Standard**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual

allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Court. at 1959.

## Discussion

Plaintiffs Charles and Andrea Abraham[1] filed a ten count amended complaint against Defendants Sandy Cove 3 Association ("the Association") and Glen J. Engelbrecht, who is a member of the Board of Directors of the Association, generally relating to the Abrahams ownership of a condominium at Sandy Cove 3 in Sarasota, Florida. Defendants move to dismiss all ten counts for failure to state a claim under Federal Rule of Procedure 12(b)(6).

In response to Defendants' motion, Plaintiffs filed a motion to amend their complaint for the second time. After review of the proposed Second Amended Complaint, the Court

---

[1] Plaintiffs are Hungarian citizens who were residing in Maryland at the time this action commenced.

finds that attempt to amend is futile because the proposed complaint suffers from many of the same deficiencies as the first amended complaint.

I.      First Cause of Action for Breach of Contract against the Association

Though Plaintiffs title count one as a breach of contract claim, the majority of the actual claim is for failure of the Association to provide a copy of the Association rules after a request from Plaintiffs. Association rules are part of an association's records as defined by Fla. Stat. §718.111(12)(a)(5). Parties to disputes regarding the failure of a governing body of a condominium association to allow inspection of its books and records, among other disputes, are required to petition the Division of Florida Land Sales, Condominiums, and Mobile Homes of the Department of Business and Professional Regulation ("the Division") for mandatory nonbinding arbitration. Fla. Stat. §718.1255(4)(a). Plaintiffs failed to petition the Division prior to commencing this litigation. The petition for arbitration is a condition precedent to filing a lawsuit and, as such, the proper remedy is to dismiss. Neate v. Cypress Club Condo., 718 So.2d 390, 393 (Fla. Dist. Court. App. 4th Dist. 1998).

Plaintiffs argue that the Association waived their right to compel arbitration by filing an earlier state court action seeking an injunction against Plaintiffs to stop them from breaking certain association rules. However, Plaintiffs could have brought all of their claims in a counterclaim to the Association's earlier filed action. They cannot now claim that the Association waived arbitration based on the separate state court action.

Plaintiffs also add a paragraph claiming breach of contract for the Association's failure to notify them that Sandy Cove 3 unit owners do not have beach access. A claim for

breach of contract must allege three elements: (1) a valid contract; (2) a material breach; and (3) damages resulting from the breach. Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. Dist. Court. App. 2d 2006). Here, Plaintiffs neither allege that there was a valid contract, and that beach access was a part of that contract, nor that they were damaged as a result of the breach. Therefore, the breach of contract claim fails.

In the proposed second amended complaint, Plaintiffs did not make any changes to this cause of action. Therefore, the first cause of action would fail for the same reasons.

II. Second Cause of Action for Fraud (Intentional Misrepresentation) against Glen Engelbrecht

Plaintiffs allege that Defendant Engelbrecht intentionally misrepresented to them that Sandy Cove 3 unit owners have beach access. To bring a claim for fraud or intentional misrepresentation Plaintiff's complaint must allege: (1) a false statement of fact; (2) known by the defendant to be false at the time the statement was made; (3) the defendant intended to induce another to act in reliance; (4) action by the plaintiff in justifiable reliance on the statement; and (5) resulting damage to the plaintiff. Tonkovich v. South Florida Citrus Industries, Inc., 185 So. 2d 710, 712 (Fla. Dist. Court. App. 2d 1966).

Though Plaintiffs address each element, the first amended complaint does not supply facts to support their conclusory allegations. Count two is little more than a recitation of the elements of the cause of action. Moreover, Plaintiffs allege damages of $300,000 based on the difference in property values between units in Sandy Cove 3 and units in a similar property with beach access. Plaintiffs do not say how much they paid for their unit or in

what way, or to what degree, they have suffered damages as a result of the misrepresentation. This last deficiency is not corrected in the proposed second amended complaint. Therefore, the second cause of action must be dismissed, but Plaintiffs will be allowed to amend this count if they choose.

III.   Third Cause of Action for Fraud (Failure to Perform and Abusing the Association's Power) against the Association

Although titled as a claim for fraud, Count three actually alleges that the Association failed to give notice of amendments to the Association rules. The failure of a condominium association to "give adequate notice of meetings or other actions" is a dispute as defined in Fla. Stat. §718.1255(1)(b)(2). Again, Plaintiffs were required to petition the Division for nonbinding arbitration prior to filing a complaint in court. Fla. Stat. §718.1255(4). Plaintiffs failed to petition the division and, therefore, this cause of action must be dismissed.

In the proposed second amended complaint, Plaintiffs did not make any changes to this cause of action. Therefore, the third cause of action would fail for the same reasons.

IV.   Fourth Cause of Action for Fraud (Intentional Misrepresentation) against the Association

Plaintiffs allege that Defendants falsified service documents filed in the earlier state court action. The Florida Circuit Court judge ruled that service of process on both Andrea and Charles Abraham was proper. Plaintiffs now claim, despite the state court judge's ruling, that the filing of the allegedly falsified documents constitutes fraud.

A claim of intentional misrepresentation requires a plaintiff to allege, *inter alia*, an intent by the speaker to induce the plaintiff to act in justifiable reliance on the statement. Tonkovich, 185 So. 2d at 712.  Here, Plaintiffs allege neither an intent to induce nor an act in reliance on the statement; they only argue that the documents were false.  This defect is not cured in the proposed amended complaint.

In addition, because the Florida Circuit Court judge already ruled that service was proper, the appropriate remedy would be to appeal the state court judge's decision in Florida state court.

V.      Fifth Cause of Action for Negligence against all Defendants

Plaintiffs appear to claim both negligence and negligent misrepresentation in count five, relating to an alleged fire code violation due to the use and storage of propane tanks within residential structures.  First, Plaintiffs claim that Defendants were negligent for failure to take action to rectify the violation of the fire code.  To state a cause of action for negligence, a plaintiff must allege: (1) that a defendant had a legal duty of care owed to the plaintiff; (2) the defendant breached that duty; (3) that the breach was the proximate cause of the injury; and (4) actual loss or damages.  Clay Elec. Coop., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003).  Here, Plaintiffs fail to allege that either the Association or Engelbrecht owed a duty of care to Plaintiffs, breached that duty, or that Plaintiffs were injured as a result of the breach.  The proposed second amended complaint attempts to address these elements but still fails to provide sufficient facts to support what are simply conclusory allegations.

Plaintiffs also seem to assert that Defendants negligently misrepresented to them that Sandy Cove 3 was "abiding by all USA laws including the Fire Department law and regulation." A claim of negligent misrepresentation requires Plaintiffs to allege: (1) a misrepresentation of material fact; (2) the speaker either knew that the statement was false, made the statement without knowledge of its truth or falsity, or should have known the statement was false; (3) an intent to induce the plaintiff to act; (4) an act in justifiable reliance; and (5) damages as a result of the act. Coral Gables Distrib. v. Milich, 992 So. 2d 302, 303 (Fla. Dist. Court. App. 3d Dist. 2008). Plaintiffs fail to allege that the Association or Engelbrecht misrepresented a *material* fact, knew or should have known that the statement was false, had an intent to induce Plaintiffs to act, that Plaintiffs acted in reliance on the statement, or that Plaintiffs were damaged as a result. However, Plaintiffs will be given the opportunity to amend the negligence claim brought in Count Five.

VI. Sixth Cause of Action for Negligence Against the Association

The sixth cause of action is based upon the same factual allegations as the fourth cause of action. In this count, Plaintiffs allege negligent misrepresentation for filing the allegedly falsified service documents in the state court action rather than intentional misrepresentation as before. However, the eased knowledge standard that applies in this count does not remedy the deficiencies as stated above. The Court will allow Plaintiffs an opportunity to amend this count.

VII. Seventh Cause of Action for Civil Conspiracy Against All Defendants

Civil conspiracy has four elements: (1) conspiracy between two or more parties; (2) to do an unlawful act; (3) the doing of some overt act in pursuance of the conspiracy; and (4) damage to the plaintiff as a result of the unlawful act. Walters v. Blankenship, 931 So. 2d 137, 140 (Fla. Dist. Court. App. 5th Dist. 2006). Plaintiffs claim that Engelbrecht conspired with the Association to try to force Plaintiffs to sell their unit. In support of their claim, Plaintiffs vaguely state that Defendants "made Plaintiff's tenants' stay miserable" in order to force them to sell their unit at a lower price. This vague statement is not sufficient as an allegation of an agreement to do an unlawful act or an overt act in furtherance of the conspiracy. The seventh cause of action for civil conspiracy in the proposed second amended complaint fails for the same reason. However, Plaintiffs will be allowed to amend this count.

VIII. Eighth Cause of Action for Discrimination and Ninth Cause of Action for Harassment

A review of these two causes of action reveals that Plaintiff has failed to comply with Federal Rule of Civil Procedure 8(a), which provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, , , ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a) (2007). Here, Plaintiffs do not include a short and plain statement of their claims showing that they are entitled to relief. Plaintiffs allege only that Defendants' actions, as described in 32 paragraphs of ambiguous factual allegations, constitute discrimination and harassment and, as a result, they were "damaged in the amount of more than $75,000." Plaintiffs do not give

any indication under what statutes or other authority their claims for discrimination and harassment arise. In addition, the complaint fails to sufficiently connect any possible elements of these claims to the 32 paragraphs of facts.

IX. Tenth Cause of Action for Request for Baker Act against Engelbrecht

Plaintiffs attempt to have Engelbrecht involuntarily examined pursuant to the Florida Mental Health Act ("the Baker Act"), Fla. Stat. §394.463 (2009). The Baker Act provides for involuntary examination under specific enumerated circumstances. Under the Baker Act, an involuntary examination may be initiated by the entry of an ex parte order by a court. Fla. Stat. §394.463(2)(a)(1). Section 394.455 defines "court" as the circuit court of the state of Florida. Therefore, this Court does not have jurisdiction to enter an order initiating an involuntary examination under the Baker Act.

X. Proposed Eleventh Cause of Action for Abuse of Service Process Against the Association

In the proposed second amended complaint, Plaintiffs add a new cause of action based on the alleged falsified service documents in the separate state court action. Again, because a state judge has ruled that service was proper, the appropriate procedure would be to appeal the ruling in the state court action rather than filing a separate cause of action in federal court.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants Sandy Cove 3 Association and Glen J. Engelbrecht's Motion to Dismiss (Dkt. 38) is **GRANTED**.

2. Plaintiffs' Motion to Amend Complaint (Dkt. 31) is **GRANTED.**

3. Plaintiff's First Amended Complaint (Dkt. 31, Ex. 1) is **DISMISSED** without prejudice.

4. Plaintiff's Motion to Continue or Alternatively Motion for Enlargement of Time for All Answering (Dkt. 30) is **DENIED**.

5. Plaintiffs' Motion to Amend the Complaint (Dkt. 39) with the proposed Amended Complaint is **DENIED**.

6. Plaintiffs have twenty (20) days from the date of this order to amend the second, fifth, sixth, seventh, eighth, and ninth counts. The remaining counts are dismissed with prejudice.

**DONE** and **ORDERED** in Tampa, Florida on June 4, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-107.mtd.frm